THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TASHAE T. CHILDS,                      :
                                       :
                 Plaintiff,            :
                                       :
          v.                           :        Case No.: 5:26-cv-149-CAR
                                       :
TRACTOR SUPPLY COMPANY,                :
                                       :
                 Defendant.            :
                                       :

## ORDER DENYING MOTION TO REMAND

Currently before the Court is Plaintiff's Motion to Remand this case to the State

Court of Bibb County, Georgia, which Defendant opposes. For the reasons explained

below, Plaintiff's Motion [Doc. 4] is **DENIED**.

## BACKGROUND

On October 1, 2025, Plaintiff Tashae T. Childs's filed her Complaint in the State

Court of Bibb County, asserting state law malicious prosecution claims against Defendant

Tractor Supply Company. Plaintiff alleges she was falsely accused of theft and battery,

arrested, imprisoned at the Bibb County Law Enforcement Center, charged with battery,

and ultimately granted immunity from prosecution pursuant to O.C.G.A. §16-3-24.2 after

the State Court Judge found that Plaintiff was the lawful owner of the property and used

reasonable force to defend it. Plaintiff seeks to recover "compensatory damages against

Defendant in an amount to be determined by a fair and impartial jury to compensate

Plaintiff for her physical pain and suffering, mental anguish, and other damages resulting from malicious prosecution by Defendant."[1] She also seeks punitive damages "in an amount to be determined by a fair and impartial jury to punish and deter Defendant" and "all costs of this action[.]"[2]

On August 23, 2024, over a year before Plaintiff filed suit in state court, Plaintiff sent Defendant a pre-suit demand letter.[3] Plaintiff stated it was her "understanding that the available policy limits to protect [Defendant's] insured is an insurance policy with Starr Indemnity & Liability Company … with liability limits of $1,500,000.00."[4] In the "Legal Damages" section of the letter, Plaintiff states Defendant's actions caused Plaintiff "physical and mental and suffering" and "severe emotional distress, coupled with physical harm[,]" and Defendant's "conscious indifference to consequences" entitle Plaintiff to punitive damages.[5] Plaintiff demanded $1,100,000.00 to settle the suit before filing this action. Defendant rejected Plaintiff's demand but stated its willingness to mediate the matter.

Two days after Plaintiff filed suit, on October 3, 2025, the parties participated in a mediation.[6] Defendant offered $40,000.00 to resolve Plaintiff's claims, which Plaintiff

---

[1] Compl., p. 10 [Doc. 4-3, p. 11].

[2] *Id.*

[3] Pre-suit Demand Letter [Doc. 4-1, pp. 2-8].

[4] *Id.* at p. 3.

[5] *Id.* at p. 7.

[6] Doc. 1-1, p. 29.

rejected and countered with a demand of $350,000.00. [7] Mediation failed, and the case entered discovery in state court.

On April 8, 2026, Plaintiff responded to Defendant's interrogatories and requests for admissions and production of documents.[8] In those responses, Plaintiff specified in writing that the amount in controversy exceeds $75,000.00.[9] Thirteen days later, on April 21, 2026, Tractor Supply removed the case to this Court pursuant to the Court's diversity jurisdiction.

Plaintiff does not dispute that the parties are diverse or that the amount in controversy is greater than $75,000.00. Instead, Plaintiff argues Defendant untimely removed this case because it knew the amount in controversy exceeded $75,000.00 at the time Defendant received the Complaint. And because Defendant did not remove the case within 30 days of its receipt of the Complaint, the Court should remand this case to the State Court of Bibb County. Defendant counters removal was timely under 28 U.S.C. § 1446(b)(3) because it removed this action within 30 days of receipt of Plaintiff's responses to discovery—the time it became aware that the amount in controversy exceeds $75,000.00.

## LEGAL STANDARD

28 U.S.C. § 1446(b)(1) requires removal within 30 days after a defendant's receipt

---

[7] *Id.*

[8] Doc. 1-4.

[9] *Id.* (Interrogatory No. 20 and Request for Admission No. 22).

of a copy of the initial state court pleading. But 28 U.S.C. § 1446(b)(3) provides that where a defendant receives jurisdictional evidence from the plaintiff at a later date, notice of removal may be in federal court within 30 days "after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. If the case is initially not removable solely due to the amount-in-controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "information relating to the amount-in-controversy in the record of the State proceeding, or in responses to discovery," is considered "other paper."[10]

Where a plaintiff's pleadings do not specify that the amount-in-controversy requirement is met, a defendant seeking to remove the case must prove by a preponderance of the evidence that the requirement has been met.[11] The pertinent question is what is in controversy in the case, not how much the plaintiff is likely to recover.[12] "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."[13]

## ANALYSIS

Plaintiff does not plead a specific dollar amount of damages in her Complaint. "The Eleventh Circuit has cautioned defendants seeking removal in diversity cases to

---

[10] 28 U.S.C. § 1446(c)(3)(A).

[11] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (discussing "the settled practice of placing the burden of proof on the removing defendant").

[12] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

[13] *Lowery*, 483 F.3d at 1215.

avoid blithe reliance (for purposes of showing amount-in-controversy) on a complaint that seeks unspecified damages."[14] It has stated:

> As we have noted, a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims….
>
> To the extent the defendant does obtain knowledge of the claim's value, it will generally come from the plaintiff herself in the form of information in an "other paper." *See* § 1446(b). This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the one before us, the defendant would need an "other paper" to provide for the grounds for removal under the second paragraph of § 1446(b) [now § 1446(b)(3)]. In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.[15]

Plaintiff argues her pre-suit demand letter for $1,100,000.00 on August 23, 2024, and her $350,000.00 counteroffer during mediation gave Defendant sufficient information to substantiate that the amount in controversy exceeded $75,000.00 at the time it received the Complaint. And because Defendant did not remove the case within

---

[14] *Boyce-Gaither v. Publix Supermarkets, Inc.*, Case No. 1:23-cv-04319-SEG, 2024 WL 6951788, *2 (N.D. Ga. May 31, 2024).

[15] *Lowery*, 483 F.3d at 1213, n. 63; *see also Montgomery v. Alejo*, Case No. 1:23-cv-4692-TWT, 2024 WL 262868, at *2 (N.D. Ga. Jan. 24, 2024).

30 days of receipt, removal is untimely, and the case should be remanded. The Court disagrees.

While courts may consider settlement offers in deciding the amount in controversy,[16] courts analyze "whether such offers merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'"[17]

Neither the pre-suit demand letter nor Plaintiff's counteroffer in mediation gave Defendant specific information to support Plaintiff's claim for damages and thus do not offer a reasonable assessment of the value of her claim. The pre-suit demand letter included no characterization of her injuries, specific sums, itemization of damages, or any information as to how Plaintiff arrived at the $1,100,000.00 figure. And although the parties both acknowledge in their briefs Plaintiff made a $350,000.00 counter to Defendant's $40,000.00 settlement offer at mediation, there is no information in the record how Plaintiff arrived at that number. Thus, these settlement offers were insufficient to unambiguously establish the $75,000.00 jurisdictional amount. The first time Defendant had unambiguous documentation that the amount of damages in this case exceeded the jurisdictional threshold was when Defendant received Plaintiff's

---

[16] *Lowery*, 483 f.3d at 1212, n.62.

[17] *Filippone v. CP Clearwater, LLC*, Case No. 8:18-cv-2503-T-33AAS, 2018 WL 5874141, at *2 (M.D. Fla. Nov. 9, 2018) (quoting *Lamb v. State Farm Fire Mut. Auto. Inc. Co.*, Case No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); *Piazza v. ambassador II JV, L.P.*, Case No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)).

discovery responses on April 8, 2026. And Defendant timely removed this case on April 21, 2026, within the 30-day removal period under § 1446(b)(3).[18]

**CONCLUSION**

For the reasons explained above, Plaintiff's Motion to Remand [Doc. 4] is **DENIED**.

**SO ORDERED**, this 5th day of June, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[18] There is no dispute there is diversity of citizenship between the parties.